UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DJILY NIANG,

        Petitioner,               Case No. 1:26-cv-401

v.                                        Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.22–23.)

In an order entered on February 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 12, 2026, (ECF No. 4), and Petitioner filed his reply on February 16, 2026, (ECF No. 5).

**II.     Factual Background**

Petitioner is a native and citizen of Senegal. (Notice to Appear (NTA), ECF No. 4-1, PageID.38.) Petitioner was admitted to the United States as a "nonimmigrant Visitor for Pleasure" on or about March 22, 2023, with authorization to remain in the United States until June 19, 2023. (*Id*.) Petitioner remained in the United States after that authorization ended. (*Id*.; Pet., ECF No. 1, PageID.9.)

On or about February 2, 2026,[1] ICE agents encountered and arrested Petitioner. (Pet., ECF No. 1, PageID.9.) At that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner as subject to removal under § 237(a)(1)(B) of the Immigration and Nationality Act (INA) because, after being admitted as a nonimmigrant, Petitioner remained in the United States for a time longer than permitted. (NTA, ECF No. 4-1, PageID.38.) Petitioner has a pending asylum application. (Reply, ECF No. 5, PageID.46.)

**III.    Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

---

[1] Petitioner claims that ICE agents arrested him on or about February 2, 2026. (Pet., ECF No. 1, PageID.9; Reply, ECF No. 5, PageID.46.) Respondents submitted documentation regarding Petitioner's arrest that was dated January 29, 2026, but which listed the arrest as having occurred on July 31, 2025. (Form I-213, ECF No. 4-2, PageID.43.) Regardless, these discrepancies regarding the date of Petitioner's arrest do not change the Court's analysis in this opinion.

2

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

IV. **Discussion**

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

As relief in this action, Petitioner asks the Court to declare that Respondents' application of 8 U.S.C. § 1225(b)(2) to Petitioner violates the INA. (Pet., ECF No. 1, PageID.22.) Respondents, through counsel, acknowledge that § 1226, and not § 1225(b)(2), governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States, and that Petitioner has the right to request a bond hearing. (Resp., ECF No. 4, PageID.32, 33.) There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. In light of Respondents' concession that Petitioner's detention is governed by § 1226(a), meaning that, if requested, Respondents would provide Petitioner with a § 1226(a) bond hearing, which is the relief that Petitioner seeks in this action, the Court will dismiss this action without prejudice.[2]

---

[2] If Petitioner requests a bond hearing in Immigration Court and Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241

3

## V. Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: February 20, 2026          /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge

---

petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.